IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

PERRY TAYLOR                                                                                    PLAINTIFF

v.                                            No. 5:18-CV-05097

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY                                                                      DEFENDANT

**OPINION AND ORDER**

Before the Court are a motion to dismiss (Doc. 7) and brief in support (Doc. 8) filed by Defendant State Farm Mutual Automobile Insurance Company ("State Farm"). Plaintiff Perry Taylor has filed a response (Doc. 10). State Farm filed a reply (Doc. 13).[1] State Farm moves for dismissal of Mr. Taylor's bad faith tort claim under Federal Rule of Civil Procedure 12(b)(6), arguing that Mr. Taylor has not alleged sufficient facts to state the claim but instead has only provided a legal conclusion.

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, the Court must assume the truth of the factual allegations and draw all reasonable inferences in

---

[1] The Court has considered State Farm's reply even though it was filed without leave. *See* Doc. 8, ¶ 7 ("Parties must seek leave before filing any reply in support of a motion other than a summary judgment motion."); W.D. Ark. R. 7.2(b) (indicating that the only reply that may be filed as a matter of course is a reply to a response to a motion for summary judgment).

favor of the plaintiff. *Lustgraaf v. Behrens*, 619 F.3d 867, 872–73 (8th Cir. 2010). However, legal conclusions couched as factual allegations are not entitled to the same presumption of truth, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the Court concludes that the pleadings do not, as a matter of law, set forth facts sufficient to state a claim upon which relief may be granted, the Court should grant the defendant's motion to dismiss." *In re Staffmark, Inc. Sec. Litig.*, 123 F. Supp. 2d 1160, 1163 (E.D. Ark. 2000).

To succeed on the Arkansas tort of bad faith, a plaintiff must show "affirmative misconduct by the insurance company, without a good faith defense, and . . . the misconduct must be dishonest, malicious, or oppressive in an attempt to avoid its liability under an insurance policy." *Aetna Cas. & Sur. Co. v. Broadway Arms Corp.*, 664 S.W.2d 463, 465 (Ark. 1984). Bad faith is "dishonest, malicious, or oppressive conduct carried out with a state of mind characterized by hatred, ill will, or a spirit of revenge." *Unum Life Ins. Co. of Am. v. Edwards*, 210 S.W.3d 84, 87 (Ark. 2005). "The standard for establishing a claim for bad faith is rigorous and difficult to satisfy." *Id.* "The tort of bad faith does not arise from a mere denial of a claim; there must be affirmative misconduct." *Selmon v. Metropolitan Life Ins. Co.*, 277 S.W.3d 196, 202 (Ark. 2008).

Mr. Taylor alleges that he was insured with State Farm and maintained no fault medical payments coverage and coverage for work loss, and that State Farm denied payment on claims made for this coverage. Mr. Taylor alleges that State Farm has "failed to act in good faith and refused to honor the terms and conditions of the insurance policy and the terms and conditions of their own policies and claims procedures." (Doc. 3, ¶ 16). This statement amounts to a legal

conclusion of bad faith. It is a "threadbare recital of the elements" of bad faith and is, therefore, insufficient to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Though he pleads a breach of contract, Mr. Taylor fails to allege specific facts in his complaint that would support his conclusion that the breach of contract was done in bad faith. His bad faith tort claim must be dismissed.

IT IS THEREFORE ORDERED that Defendant State Farm Mutual Automobile Insurance Company's motion to dismiss (Doc. 7) is GRANTED, and Plaintiff Perry Taylor's bad faith tort claim is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 31st day of July, 2018.

*/s/ P. K. Holmes,* III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE